IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| KALIE BROWN, ET AL., | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | *   No. 4:11CV00224 SWW |
| | * |
| PEACHES AND PEARS SOCIAL CLUB, | * |
| INC., ET AL., | * |
| | * |
| Defendants. | * |

**Memorandum Opinion and Order**

Plaintiffs Kalie Brown, Lacey Taylor, and Stacy Jones, and all others similarly situated ("Plaintiffs") bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"),[1] against Defendant Barney's Barn, Inc., Danny Martindill, and Michael Jones, individually and d/b/a Peaches Gentleman's Club (hereinafter referred to as "Defendant"). Before the Court is a motion to dismiss filed by Defendant pursuant to Fed.R.Civ.P. 12(b)(1). For the following reasons, the Court denies the motion.

**Background**

Defendant operates Peaches Gentleman's Club, a private club in Jacksonville, Arkansas, "that provides entertainment to its patrons in the form of live dancers, alcoholic beverages and music."[2] Plaintiffs worked as exotic dancers and generated their income solely through tips that they received from customers when they performed dances. They claim that Defendant intentionally misclassified them as independent contractors in order to deny them a minimum

---

[1] Plaintiffs also assert claims under the Arkansas Minimum Wage Act.

[2] Fourth Am. Compl. at ¶ 51.

wage and overtime in violation of 29 U.S.C. §§ 206 and 207. They further allege Defendant violated §203(m) by requiring them to pay Defendant fees from plaintiffs' tips and § 211© by failing to maintain records.

In alleging coverage under the Act, plaintiffs state Defendant

> owned and operated a night club business engaged in interstate commerce and which utilized goods which moved in interstate commerce. On information and belief, during the relevant time period, the annual gross revenues of Defendant exceeded $500,000.00 per annum. . . . [and that defendant] was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203 ® and § 203(s). Defendant constitutes an "enterprise" within the meaning of 29 U.S.C.§ 203(r)(1) because it performed related activities through common control for a common business purpose. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a)."[3]

Defendant moves to dismiss this action for lack of subject matter jurisdiction. Defendant argues that plaintiffs are not covered individuals because they are not engaged directly in interstate commerce or in the production of goods for interstate commerce, and they are not employed by an enterprise engaged in interstate commerce. In response, plaintiffs argue that coverage is an element of their claim not a jurisdictional issue.

## Discussion

The FLSA provides that "[e]very employer shall pay to each of his employees who . . . is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" a minimum wage. 29 U.S.C. § 206(a). "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C.§ 203(b). "'Enterprise' means the related activities performed (either through unified

---

[3]Fourth Am. Compl. at ¶ ¶39-40.

operation or common control) by any person or persons for a common business purpose . . ." 29 U.S.C. § 203(r)(1).  "'Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise that - (A)(I) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ."  Defendant argues that plaintiffs' complaint, on its face, shows that plaintiffs are  are not "engaged in commerce" or in the "production of goods for commerce." Further, Defendant argues Plaintiffs cannot show that Defendant has annual gross sales of at least $500,000.

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Dismissal for lack of subject matter jurisdiction is only proper where an alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."  *Bell v. Hood*, 327 U.S. 678, 682-3 (1946).

"There are two ways to challenge the Court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1): the complaint may be attacked either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir.1993) (citing *Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir.1990)).  Once subject matter jurisdiction is challenged, the plaintiff has the burden of establishing that jurisdiction exists. The plaintiff must validate the jurisdictional facts by competent proof or risk dismissal. *Zunamon v. Brown,* 418 F.2d 883, 886 (8th Cir .1969).  It is within the discretion of the court to determine

how to proceed on jurisdictional questions, and the court "may consider materials outside the pleadings such as depositions or affidavits in determining whether the record demonstrates lack of subject matter jurisdiction." *Satz v. ITT Financial Corp.,* 619 F.2d 738, 742 (8th Cir.1980).

In *Arbaugh v. Y & H Corp.*, 546 U.S. 500, (2006), the Supreme Court held that the employee-numerosity requirement under Title VII of the Civil Rights Act was not a jurisdictional restriction.   The Supreme Court held that there was nothing in the law to indicate that Congress intended that the courts raise and resolve the employee-numerosity requirement on its own: "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. . . . But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character.  546 U.S. at 515.

In *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007), the First Circuit concluded that enterprise coverage was not jurisdictional under the FLSA in light of the *Arbaugh* decision. *See also Rodriguez v. Diego's Restaurant, Inc.*, 619 F.Supp.2d 1345 (S.D.Fla. 2009)(individual or enterprise coverage under FLSA element of claim not jurisdictional threshold); *Branham v. Halsted Home Rental, LLC*, 2008 WL 1745825, *2 (W.D.Okla. April 11, 2008) (denying 12(b)(1) motion finding FLSA allegations elements of claim not jurisdictional issue); *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, *1 n.2. (M.D.Fla. March 24, 2008)(FLSA's definition of covered employee and an enterprise prescribes elements to state a claim not prerequisites to jurisdiction); *Jiang v. Lee's Happy House*, 2007 WL 3105087, *3

(N.D.Cal. October 23, 2007)(court has jurisdiction to hear FLSA claim whether or not plaintiff will ultimately prevail).[4]

The Court finds the issues raised by Defendant involve the merits of Plaintiffs' claim and, therefore, finds the motion to dismiss for lack of subject matter jurisdiction should be denied.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's motion to dismiss for lack of jurisdiction [docket entry 43] is denied.

DATED this 12th day of December, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT COURT

---

[4]The Court is unaware of and the parties do not cite any cases from the Eighth Circuit involving this issue.